UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE TYREE,

    *Petitioner*,

v.

OCWEN LOAN SERVICING, LLC *et al.*,

    *Respondents*.

Misc. No. 19-38 (TJK)

## **MEMORANDUM OPINION**

Petitioner Maurice Tyree, proceeding *pro se*, initiated the above-captioned miscellaneous action on March 19, 2019, by filing a document titled "Ejectment of Respondents," which names as "respondents" numerous loan-servicing companies, financial institutions, individuals, municipal entities, the Social Security Administration, and the Internal Revenue Service. *See* ECF No. 1. In that filing, he references the "Lands, Premises, Mortgage and Location known as 10025 Pointe Cove Lakeland, Tennessee," and he claims to be "terminating the Lien in which the United States has an interest" and "evict[ing] and eject[ing] from [the] Premises" each of the named respondents. *Id.* at 2. As the "factual government of the United States of America, a government official, true judge and [S]upreme Court, and an actual 'court of competent jurisdiction,'" and "via private right of action," he purports to be exercising the "legitimate authority to write and enforce judicial orders and judgments to which Respondents are subject." *Id.* at 2–3. And he cites several provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, as the basis for his actions. *See id.* at 1–3.

About a week later, Tyree filed a second document titled "Bankruptcy and Insolvency Proceedings." *See* ECF No. 2. Although the document is far from a model of clarity, it appears that Tyree, by this new filing, is attempting to commence a bankruptcy proceeding on behalf of

the United States. He instructs Respondents that "[a]ll complaints [and] proof of claims are to be recorded and deposited with the clerk of the court . . . within 3 business days or 72 hours of receiving this notice." *Id.* at 2. And he warns that "[a] failure to record [their] claims inside this bankruptcy action will result in the issuance of warrants, seizures, levies and tariffs for unpaid delinquent tax money fees expenses damages child support, alimony and student loans [*sic*]." *Id.* He signs the document as "Chief Magistrate, Consul, Treasurer and Trustee" of the United States of America. *Id.* Attached to the second filing are what appear to be screenshots of a docket report of a proceeding in county court in Tennessee and correspondence between Tyree and several of the entities he named as respondents. *See* ECF No. 2-1.

Tyree's filings bring no claims, ask for no relief from the Court, and otherwise present no questions for this Court to resolve. Indeed, the only role these filings appear to contemplate for the Court is that of a bystander, providing an open forum for Tyree to file whatever papers or writings he sees fit. On that basis alone, this action must be dismissed. Federal courts, with their limited resources, are empowered to decide cases or controversies, not to facilitate an individual's exercise in inventive imagination.

But even if the Court were to construe Plaintiff's filings as ones seeking relief from the Court, they clearly fail to meet the applicable pleading standards. Although *pro se* litigants are generally held to a less stringent standard, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must still comply with the Court's procedural rules, "and district courts have discretion to dismiss a pro se plaintiff's complaint sua sponte for non-compliance," *Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 107 (D.D.C. 2014). Rule 8(a) of the Federal Rules of Civil Procedure states in part that, at a minimum, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Tyree makes a

2

vague reference to "the behavior and conduct" of Respondents and § 1692d of the FDCPA, he makes no factual allegations or claims to relief sufficient to maintain an action under even the most forgiving pleading standards. Moreover, the Court "may dismiss a complaint *sua sponte* . . . where it is 'patently obvious' that the plaintiff cannot prevail on the facts alleged in the complaint." *Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (quoting *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990)). As previously described, Tyree's "Ejectment" filing and subsequent notice of "Bankruptcy and Insolvency Proceedings" provide "no factual or legal basis for alleged wrongdoing" by the parties named as respondents. *Perry*, 514 F. Supp. 2d at 95.

For the reasons explained, this action will be dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 15, 2019